PETER KRISTOFER STROJNIK, AZ Bar No. 026082
strojnik@skplaw.com
**THE STROJNIK FIRM  LLC**
**A LIMITED LIABILITY COMPANY**
Esplanade Center III, Suite 700
2415 East Camelback Road
Phoenix, Arizona 85016
Telephone:  (602) 510-9409
Facsimile:   (602) 773-0370

Attorneys for Plaintiff Pro Per

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| PETER KRISTOFER STROJNIK, a married man dealing with his sole and separate claim,<br><br>Plaintiff,<br><br>vs.<br><br>DOLLAR RENT A CAR, INC., an Oklahoma corporation dba Dollar.com,<br><br>Defendant. | Case No:<br><br>**VERIFIED COMPLAINT**<br><br>(Jury Trial Demanded) |

Plaintiff alleges:

1. Plaintiff Peter Kristofer Strojnik is a married man currently residing in Maricopa County, Arizona.

2. Defendant Dollar Rent a Car, Inc. is a rental vehicle company that operates the website dollar.com and rents vehicles from the website and at locations across the Country. Defendant's principal place of business and state of incorporation are both Oklahoma.

3. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1332. Plaintiff seeks damages in excess of $75,000.00.

4. Plaintiff's claims asserted herein arose in this judicial district and Defendant does substantial business in this judicial district.

5. Venue in this judicial district is proper under 28 U.S.C. § 1391(b) and (c) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

6. Plaintiff is a frequent user of dollar.com for the purpose of renting vehicles for business and personal trips.

7. On April 10, 2017, Plaintiff visited dollar.com for purposes of reserving a rental vehicle for five days from April 10, 2017 through April 14, 2017. Plaintiff chose a Toyota Corolla "or similar" car.

8. On dollar.com, a renter has the option of "paying now" or "paying later", the former of which offers a discounted rate. Plaintiff chose the "pay now" option and utilized his debit card. Plaintiff typed in his debit card number, expiration date and other identifying characteristics in exchange for a rental car.

9. Plaintiff's debit card was charged the purchase price ($115.00) of the rental car vehicle pursuant to the "pay now" option.

10. Later in the day, Plaintiff went to the dollar.com agency desk to pick up the rental vehicle for which he had paid. A dollar employee named "Andy" was manning the desk.

11. Plaintiff approached the desk and offered Andy his debit card, Arizona driver's license, and name. Andy looked up the reservation and demanded a second form of photo identification. Plaintiff advised that he did not have a second form of photo identification and asked exactly what type of photo identification was needed and why. Andy explained Dollar's policy that since Plaintiff used a debit card, Dollar requires a second form of government-issued photo identification.

12. Andy kept repeating that it is policy for a second-form of government-issued photo identification. Plaintiff kept advising that he did not maintain a second form of government-issued photo identification.

13. Andy was indifferent and rude in his demands. Plaintiff explained that it was late – around 11:00 p.m. – and was there with his wife and three children, and they simply wanted to proceed to the hotel and go to sleep. Andy stated that he did not care, and that "it's policy."

14. Plaintiff explained to Andy that not many people carry or even have a second form of government-issued photo identification and whether policy accepted a second debit card with Plaintiff's name embossed onto it as a second form of government issued photo identification. Andy again rudely insisted "its policy" and required the government-issued photo ID.

15. Plaintiff asked to see this "policy" in written form. Andy refused and said get out of my line.

16. Plaintiff refused and while still at the dollar.com agency desk, went onto dollar.com on his Blackberry. It did not make sense that a government-issued photo identification was the second form of ID required since it is rare for persons to either have or carry such identification.

17. While on dollar.com, Plaintiff observed the written "policy" about which Andy was speaking. The policy states that when a renter utilizes the "pay now" option using a debit card, one of the acceptable forms of identification is a second debit card embossed with the renter's name that was not used for the reservation. This policy states in part:

> When a debit card is accepted as form of payment, at the start of the rental, two (2) forms of identification must be presented. A valid United States or Foreign Country issued Driver's License … PLUS One (1) of the following forms: An additional credit card or debit card embossed with the same name as the driver's license…

3

18. Plaintiff showed Andy the dollar.com policy on Plaintiff's Blackberry and pointed out that dollar.com accepts a second debit card as a second form of identification. Andy vitriolically stated "I don't care what that says. I am not giving you the car."

19. Plaintiff asked to speak to the manager. The manger stated that Plaintiff should rent a vehicle with a different company.

20. At this point, Plaintiff knew Andy of dollar.com was being vindictive and malicious and gave up attempting to obtain the paid-for vehicle.

21. Plaintiff asked for a refund from Andy. He refused and said "that's not my problem."

22. Plaintiff then called dollar.com's 800 number. Dollar.com advised that "pay now" fees are non-refundable. Plaintiff explained that he did not receive the car, and the dollar.com employee advised that did not change anything. Plaintiff then asked whether she (the dollar.com employee to whom he was speaking on the phone) could explain to Andy the policy of accepting a second debit card as a second form of ID. The lady refused and also suggested Plaintiff rent a vehicle from a different company.

23. Plaintiff was infuriated. It was late, and his family was tired and hungry. Plaintiff could not believe it, but Plaintiff surmised that dollar.com was operating a scam.

24. Giving up, Plaintiff then rented a Toyota Corolla from budget.com.

25. Defendant has not provided a refund. As of the date below written, Plaintiff was charged a fee but not given anything in return.

26. Plaintiff has been damaged in the amount of the rental vehicle fee paid to dollar.com.

27. Defendant acted with malice and an evil heart in denying the rental vehicle to Plaintiff because despite Plaintiff showing Defendant its own policy, it still refused and then kept Plaintiff's money. Defendant knew that it was late, knew that Plaintiff's family was with him, and knew that Plaintiff's small children were tired and

4

hungry. Defendant, coldly and without emotion, refused to honor its obligation and thieved Plaintiff's money.

**FIRST CAUSE OF ACTION**
(Conversion)

28. Plaintiff incorporates all allegations heretofore set forth.

29. Defendant wrongfully exercised dominion over Plaintiff's property as described above.

30. Plaintiff has been damaged by the wrongful exercise of dominion in the amount of the rental fee paid to Defendant.

31. Defendant has not refunded the fee nor has it expressed any willingness to refund the fee.

32. Defendant acted with malice and an evil heart in stealing Plaintiff's money because, in part, it refused to follow its own policy in providing the vehicle to Plaintiff and because it then refused to return the money Plaintiff had paid.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

　　a. Compensatory damages in the amount of $115.00;

　　b. Punitive damages in the amount of $150,000.00;

　　c. Costs of the suit;

　　d. Attorney's fees.

　　e. The provision of whatever other relief the Court deems just, equitable and appropriate.

**SECOND CAUSE OF ACTION**
(Breach of Contract)

33. Plaintiff incorporates all allegations heretofore set forth.

34. Plaintiff and Defendant entered into an agreement whereby Plaintiff would pay a fee in exchange for a rental vehicle.

35. Plaintiff performed and paid the fee.

36. Defendant did not perform in that it did not provide the rental vehicle.

37. Plaintiff was damaged by Defendant's breach of the agreement.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

    a. Compensatory damages in the amount of $115.00;

    b. Cost of the suit;

    c. Attorneys' fees.

    d. The provision of whatever other relief the Court deems just, equitable and appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial on issues triable by a jury.

RESPECTFULLY SUBMITTED this 23rd day of May, 2017.

**THE STROJNIK FIRM L.L.C.**

Peter Kristofer Strojnik (242728)
2415 East Camelback Road, Suite 700
Phoenix, Arizona 85016
Attorneys for Plaintiff

## VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct to the best of my memory and information.

DATED this 23rd day of May, 2017.

Peter Kristofer Strojnik