IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Peter Kristofer Strojnik, <br>     Plaintiff, <br> v. <br> Dollar Rent A Car Incorporated, <br>     Defendant. | No. CV-17-01205-PHX-JZB <br><br> **ORDER** |

      On April 23, 2017, Plaintiff, Peter Strojnik, an Arizona resident, filed a Complaint for conversion and breach of contract against Defendant Dollar Rent A Car, Inc., an Oklahoma corporation. (Doc. 1 ¶¶ 1, 2.) This matter was assigned to this Court on April 27, 2017. (Doc. 6.)

      In his Complaint, Plaintiff asserts that on April 10, 2017, he made a reservation for a rental car on Defendant's website. (Doc. 1 ¶¶ 7-8.) Plaintiff claims, however, that later in the day when he went to pick up the car, Defendant, contrary to its own policy, would not allow Plaintiff to rent a car because Plaintiff did not have two forms of photo identification, and refused to refund the $115.00 Plaintiff had previously paid when he reserved the car online. (*Id.* ¶¶ 10-22.) Plaintiff asserts the employee he dealt with at the counter was "indifferent and rude in his demands." (*Id.* ¶ 13.) Plaintiff seeks $115.00 in compensatory/contractual damages and $150,000 in punitive damages for Defendant's alleged conversion of Plaintiff's $115.00. (*Id.* ¶¶ 32, 37.)

      The Court has an independent duty to determine whether it has subject matter

jurisdiction over cases before it. *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004). "[A] federal court may dismiss *sua sponte* if jurisdiction is lacking." *Fiedler v. Clark*, 714 F.2d 77, 78 (9th Cir. 1983) (citing *Mansfield, Coldwater & Lake Mich. R.y. Co. v. Swan*, 111 U.S. 379, 382 (1884)). With regard to the amount in controversy requirement of 28 U.S.C. § 1332, the amount alleged by the plaintiff typically "[c]ontrols so long as the claim is made in good faith." *Travelers Prop. Cas. Co. of Am. v. Zurich Am. Ins. Co.*, 2012 WL 3042993 (D. Ariz. July 25, 2012) (citations omitted)). "To justify dismissal, it must appear to a legal certainty that the claim is really for less than the jurisdictional amount." *Budget Rent-A-Car, Inc. v. Higashiguchi*, 109 F .3d 1471, 1473 (9th Cir. 1997) (citation and internal quotation marks omitted).

Given the allegations in the Complaint, Plaintiff's claims, and the alleged categories and amounts of damages, it appears to a legal certainty to this Court that Plaintiff's claims are far less than the minimum amount in controversy requirement. The punitive damages sought by Plaintiff are 1304 times greater than the conversion amount alleged by Plaintiff ($115). The jurisdictional threshold of this Court ($75,000) would require punitive damages 652 times greater than the conversation amount alleged. *See also Bennett v. American Medical Response, Inc*., 226 Fed. Appx. 725, 729, 2007 WL 900989, at *2 (9th Cir. 2007) (unpublished) (finding "6.49:1 ratio" was excessive and ordering 4:1 ratio of punitive damages in FDCPA matter). Therefore, the Court will require Plaintiff to show cause in writing no later than **May 5, 2017** why this case should not be dismissed for lack of subject matter jurisdiction.

Accordingly,

**IT IS ORDERED** that on or before **May 5, 2017**, Plaintiff shall show cause in

///
///
///
///

1  writing why this case should not be dismissed for lack of subject matter jurisdiction.
2  Dated this 28th day of April, 2017.

Honorable John Z. Boyle
United States Magistrate Judge